**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEVEN SPRINGS MOUNTAIN RESORT, INC., f/k/a SEVEN SPRINGS FARM, INC., on behalf of JEFFREY J. SIKIRICA, CHAPTER 7 TRUSTEE of DYNAMIC BUILDING CORPORATION, | Civil Action No. 3:21-cv-00006-SLH<br><br>Related to ECF No. 24 |
| Plaintiff, | |
| v. | |
| JOHN M. HESS, TERRI HESS, DBC REAL ESTATE MANAGEMENT, LLC and DBC CONSTRUCTION, LLC, | |
| Defendants. | |

<u>**MOTION TO DISMISS FILED BY DBC REAL ESTATE MANAGEMENT, LLC**</u>

Defendant, DBC Real Estate Management, LLC, through its undersigned counsel, files this *Motion to Dismiss*, respectfully moving this Honorable Court to dismiss Counts II and IV of the Amended Complaint (ECF No. 24) filed against it by Seven Springs Mountain Resort, Inc., acting for Jeffrey J. Sikirica, the Chapter 7 Trustee of Dynamic Building Corporation. In support of its Motion to Dismiss, DBC Real Estate Management states as follows:

1. On January 11, 2021, Seven Springs filed a claim against DBC Real Estate Management to pierce the corporate veil of Dynamic Building Corporation and under a purported theory of alter ego liability (Count II). *See generally* Compl., ECF No. 1.

2. Seven Springs added a nominal claim that it labeled "Satisfaction and Enforcement of Judgment" (Count IV), which it admits is wholly contingent on Count II. *See generally id.*

3.  On April 5, 2021, Seven Springs filed an amended claim against DBC Real Estate Management under a theory of Enterprise Liability (Count II).  *See generally* Amend. Compl.,  ECF No. 24.

4.  DBC Real Estate Management incorporates by reference the entirety of its *Amended Brief in Support of Motion to Dismiss Filed by DBC Real Estate Management* ("<u>DBC Real Estate Management's Amended Brief</u>").

5.  In particular, Seven Springs alleges that it and Dynamic Building Corporation ("<u>Dynamic</u>") entered into contracts for Dynamic to construct a certain townhome project between 2005 and 2009, and that faulty construction resulted in water infiltration and damage to the townhome project. *See* Amend. Compl. ¶ 21, 24; *Seven Springs Mountain Resort, Inc. v. Dynamic Building Corp.*, Ct. Comm. Pl. Somerset Cty., Pa., docket no. 625 CIVIL 2012, Compl., Sept. 25, 2014, ¶¶ 3, 7, 11 (attached to the Defendant John Hess's *Motion to Dismiss* as **Exhibit A**).

6.  Seven Springs filed an arbitration claim against Dynamic only, without naming DBC Real Estate Management, which was not a party to any contract. Seven Springs received an arbitration award against Dynamic in the amount of $13,901,028.20 and entered that award as a judgment against Dynamic in the Court of Common Pleas of Somerset County. *See* Amend. Compl. ¶¶ 18, 20.

7.  After Seven Springs recorded its judgment, Dynamic filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Western District of Pennsylvania. *See* Amend. Compl. ¶ 44, at 8; *see also In re Dynamic Building Corp.*, Case No. 19-23263-GLT.

8.  In this case, Seven Springs, on behalf of the Chapter 7 Trustee, filed claims against DBC Real Estate Management seeking to hold it liable for the judgment entered against Dynamic. *See* Amend. Compl. ¶ 9-15.

9.  Seven Springs' claims should be dismissed for several reasons.

10. Counts II and IV should be dismissed because, as explained in Defendant John Hess's Amended Brief in Support of Motion to Dismiss, which DBC Real Estate Management incorporates in DBC Real Estate Management's Amended Brief, Pennsylvania does not permit a judgment creditor to assert later, independent claims to pierce the corporate veil, and such an action violates due process.

11. Count IV should be dismissed because Pennsylvania does not recognize a cause of action for "Satisfaction and Enforcement of Judgment."

12. Even if independent post-judgment claims were permitted, Seven Springs failed to allege the elements needed under *Miners, Inc. v. Alpine Equip. Corp.*, 722 A.2d 691, 695 (Pa. Super. Ct. 1998) to impose enterprise liability on DBC Real Estate Management. Therefore, Count II as to DBC Real Estate Management should be dismissed.

13. Count II should also be dismissed because Pennsylvania does not recognize enterprise liability claims. Further still, even if the Pennsylvania Supreme Court were to adopt enterprise liability, the theory would be inapplicable in this case because enterprise liability requires shared identity of ownership interests and a showing that the plaintiff is an involuntary creditor. Seven Springs cannot show these requirements. First, there is not the requisite identity of ownership interests because Seven Springs alleges that Dynamic was owned by John and Terri Hess at all relevant times, but that DBC Real Estate Management is owned solely by John Hess. Second, Seven Springs alleges that all the underlying claims

stemmed from contracts, either with Dynamic or with the Southwind residents, so Seven Springs cannot show that it is an involuntary creditor.

14. Count IV should be dismissed because no such claim exists, and because it is wholly dependent on Count II, which is deficient as stated above.

WHEREFORE, for the foregoing reasons and set forth more fully in DBC Real Estate Management's Amended Brief, DBC Real Estate Management respectfully requests that this Honorable Court enter an Order dismissing Counts II and IV with prejudice and granting such other relief as is just and proper.

Respectfully submitted,
**MEYER, UNKOVIC & SCOTT, LLP**

By: */s/ David G. Oberdick*
David G. Oberdick, Esquire
PA I.D. 47648
*dgo@muslaw.com*

Nicholas M. Bencsics, Esquire
PA I.D. 329261
*nmb@muslaw.com*
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
Telephone: 412.456.2881
Facsimile: 412.456.2864

*Counsel for Defendant DBC Real Estate Management, LLC*

Date:   May 3, 2021

**CERTIFICATE OF COMPLIANCE**
**WITH MEET-AND-CONFER REQUIREMENTS**

I hereby certify that DBC Real Estate Management, LLC, through its undersigned counsel, engaged in separate good faith communications with counsel for Seven Springs and counsel for the Chapter 7 Trustee, together with the Chapter 7 Trustee himself, to resolve the foregoing *Motion to Dismiss Filed by DBC Real Estate Management*. Despite these efforts, neither Seven Springs nor the Chapter 7 Trustee agreed to withdraw the Complaint or to amend the Complaint prior to filing the foregoing *Motion to Dismiss Filed by DBC Real Estate Management*. Accordingly, DBC Real Estate Management respectfully submits this certificate of compliance with the meet and confer obligation set forth in this Honorable Court's Chambers Rules.

Respectfully submitted,
**MEYER, UNKOVIC & SCOTT, LLP**


By:  */s/ David G. Oberdick*
         David G. Oberdick, Esquire
         Counsel for Defendant DBC Real Estate
         Management

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Amended

Motion to Dismiss Plaintiff's Complaint on behalf of Defendant DBC Real Estate Management,

LLC was served via CM/ECF on all counsel of record this 3rd day of May, 2021.


*/s/ David G. Oberdick*

David G. Oberdick, Esquire