IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEVEN SPRINGS MOUNTAIN RESORT, INC. f/k/a SEVEN SPRINGS FARM, INC., on behalf of JEFFREY J. SIKIRICA, CHAPTER 7 TRUSTEE of DYNAMIC BUILDING CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN M. HESS, TERRI HESS, DBC REAL ESTATE MANAGEMENT, LLC, and DBC CONSTRUCTION, LLC.,<br><br>Defendants. | Civil Action No. 3:21-cv-6<br>Judge Stephanie L. Haines |

## **OPINION**

Pending before the Court is an Omnibus Motion to Dismiss Defendants' Counterclaims filed by Plaintiff Seven Springs Mountain Resort, Inc. f/k/a Seven Springs Farm, Inc., on behalf of Jeffrey J. Sikirica, Chapter 7 Trustee of Dynamic Building Corporation ("Plaintiff"). Specifically, Plaintiff contends that Defendants' Counterclaims (ECF Nos. 70, 71, and 72) do not state plausible claims for declaratory judgment as the claims effectively seek to nullify a 2019 state court judgment award entered against Debtor Dynamic Building Corporation ("DBC"). Plaintiff therefore requests that the Court dismiss these Counterclaims with prejudice. On June 24, 2022, Defendants filed a Brief in Opposition to the Motion to Dismiss (ECF No. 89) and on July 1, 2022, Plaintiff filed a Reply (ECF No. 92). The Court heard oral argument on this matter on September 14, 2022. This matter is ripe for disposition.

For the foregoing reasons, the Court will grant Plaintiff's Omnibus Motion to Dismiss (ECF No. 75) and dismiss Defendants' Counterclaims (ECF Nos. 70, 71, and 72) with prejudice.

1

I.      **Facts and Procedural History**

There is a lengthy history between the parties which started when Plaintiff contracted with DBC to serve as a contractor and construction manager for the construction of a multi-phase $77 million dollar townhome project known as Southwind at Lake Tahoe (the "Southwind Project") (ECF No. 70 at ¶¶ 5-6). As this Court previously included a detailed summary of the breakdown of the relationship between Plaintiff and DBC over the water infiltration problems with the Southwind units in its Opinion (ECF No. 67) addressing Defendants' Motions to Dismiss (ECF Nos. 28, 30, 32, and 34), it will not repeat such summary here. In short, when DBC failed to make repairs to remedy the water infiltration problems, the Southwind residents sued Plaintiff in two class actions and a number of individual lawsuits (ECF No. 24 at ¶31). The suits were resolved by Plaintiff making the repairs to the units, and Plaintiff obtained assignment agreements from over 100 Southwind unit owners for the owners' tort-based claims against DBC, including their Unfair Trade Practice and Consumer Protection Law ("UTPCPL") claims. *Id.* at ¶¶31-32.

Plaintiff then filed suit against DBC to recover money damages for the cost of repairs to the Southwind units ("state court action"). In addition to the owners' claims, Plaintiff alleged breach of contract, breach of express and implied warranties, professional negligence, and common law indemnity claims against DBC. *Id.* at ¶19. Plaintiff and DBC agreed to arbitrate their claims, and on March 1, 2019, the arbitrators entered an award of $13,901,028.20 for Plaintiff and against DBC. *Id.* Plaintiff's award against DBC was then confirmed by a final order from the Court of Common Pleas of Somerset County, Pennsylvania dated April 29, 2019 (ECF No. 24-4) ("judgement award"). Plaintiff alleges the amount, with interest, is now $15,570,000.00 (ECF No. 24 at ¶¶ 19-20).

2

As a preliminary issue, the parties appear to disagree about which factual allegations the Court must assume as true for the purpose of resolving the pending motion to dismiss. Plaintiff relies on the averments of fact set forth in the Amended Complaint (ECF No. 24), while Defendants contend the Court must accept as true the factual averments set forth in the Counterclaims (ECF Nos. 70, 71, and 72). Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint. *See United States v. Union Gas Co.*, 743 F. Supp. 1144, 1150 (E.D. Pa.1990). "In view of the appropriate legal standard, this Court must 'accept as true all of the allegations in the [Defendant's counterclaims] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.'" *PPG Indus. v. Generon IGS, Inc.*, 760 F. Supp. 2d 520, 524 (W.D. Pa. 2011) (quoting *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989)). Accordingly, for the purposes of the pending motion, the Court must accept as true the allegations in the Defendants' Counterclaims (ECF Nos. 70, 71, and 72).

According to Defendants, they had little if anything to do with the circumstances that led to the judgment award. Defendants contend Plaintiff's pursuit of obtaining the judgment award and litigation to satisfy the judgment award are an abuse of the legal process in an attempt to extract payment from the Defendants named in this case (ECF No. 70 at ¶ 38; ECF No. 72 at ¶ 37; ECF No. 71 at ¶ 37). Defendants point out that neither they, nor DBC, designed or constructed the Southwind Project (ECF No. 70 at ¶¶ 8-10; ECF No. 72 at ¶¶ 7-9; ECF No. 71 at ¶¶ 7-9). Defendants claim further that the water infiltration issues that were the subject of the judgment award were caused by the design errors of other parties, including licensed design professionals (ECF No. 70 at ¶ 13). They also state that the unit owners were never in privity with DBC, nor

did DBC owe any obligations to or make any representations to the owners. *Id.* Therefore, the owners, and by virtue of assignment, Plaintiff, cannot maintain any claims against DBC. *Id.*

Relating to the state court action and judgment award, Defendants correctly state that Plaintiff did not name any party other than DBC in that action and did not assert any claims against these Defendants in that action. *Id.* at ¶29. Defendants contend DBC lacked sufficient resources to put on a full defense in the arbitration and, as a result, only put on a limited and intermittent defense. *Id.* at ¶ 30. Defendants contend the judgment award from the arbitration panel is nearly 278 times greater than the damage claim originally appearing in the state court complaint and jury demand. *Id.* at ¶ 31. Prior to the arbitration, Defendant John Hess, as an officer of DBC, repeatedly put Plaintiff on notice that DBC would be compelled to file for bankruptcy protection if DBC was found liable for the Southwind Project repairs, and after the entry of the judgment award, DBC filed for bankruptcy. *Id.* at ¶¶ 15, 36.

Based on these circumstances, Defendants seek an order declaring that Plaintiff, as the Counterclaim Defendant, must afford Defendants "the opportunity to defend against the underlying substantive claims of liability and damages sought by 7 Springs in the Arbitration Action and granting such other relief as the Court determines." (ECF Nos. 70, 71, and 72).

II. **Legal Standard**

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 664. To avoid dismissal, plaintiffs "must allege facts to 'nudge [their] claims across the line from conceivable to plausible.'" *Mann v. Brenner,* 375 F. App'x 232, 235 (3d Cir. 2010) (quoting *Twombly,* 550 U.S. at 570).

Under the pleading regime established by *Twombly* and *Iqbal,* a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In this regard, legal conclusions must be supported by factual allegations. *Id.*; *see also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth"). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

This Court may not dismiss claims merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly,* 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 212 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly,* 550 U.S. at 563 n.8.

### III.    Analysis

Defendants argue their Counterclaims should not be dismissed because they are entitled to a full and meaningful opportunity to assert substantive, procedural and legal defenses to the underlying claims from the state court action and judgment award. According to Defendants, Plaintiff intentionally deprived the Defendants of the opportunity to contest the arbitration in the state court action and/or the resulting judgment award, and therefore, Defendants seek a declaration that they can contest the underlying liability and damages from the state court action and judgment award in the event there is veil piercing in this action.

In its reply brief, Plaintiff characterizes Defendants' declaratory judgment claims as improper collateral attacks on the judgment award, and the Court agrees. "It is well-established that an arbitration award can constitute a final judgment on the merits and collaterally estop a party from litigating the same issues and claims raised in the arbitration." *Shiffer v. Liberty Mut. Fire Ins. Co.*, No. 3:17-CV-978, 2019 U.S. Dist. LEXIS 121753, at *21 (M.D. Pa. July 22, 2019). Here, the judgment award based on the arbitration award from the state court action is a final order.

However, the judgment award is against DBC and not Defendants. Thus, in this case, Plaintiff has accused Defendants of abusing the corporate form by draining DBC, the liable entity, of all its assets to avoid paying the judgment award against DBC and continue their profitable businesses. *See Shopman's Loc. Union 502 Pension Fund v. Samuel Grossi & Sons, Inc.*, No.: 20-cv-5776, 2022 WL 63038, at *7 (E.D. Pa. Jan. 6, 2022) (veil piercing claims "seek to impose vicarious liability on one party for another party's debts" and are used "as a means of enforcing a judgment arising from a separate cause of action") (internal citations omitted). Plaintiff seeks to pierce the corporate form of DBC and thereby hold Defendants liable for the judgment award entered against DBC.

Notably, Plaintiff bears the burden of proof in this veil piercing action to show that the Defendants should be held liable for the judgment award against DBC under an alter ego or enterprise liability theory. As stated by Plaintiff, Defendants are being afforded "due process" as to the judgment award by virtue of this action. The Declaratory Judgment Act provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration" when presented with a "case of actual controversy." *Brooks v. State Coll. Area Sch. Dist.*, No. 4:22-CV-01335, 2022 U.S. Dist. LEXIS 217072, at *3 (M.D. Pa. Dec. 1, 2022). Here, Defendants have the opportunity through this action to establish that they cannot be held liable for the judgment award entered against DBC. Therefore, there is no potential lack of due process that would require resolution through a declaratory judgment, and the Court will decline to provide declaratory relief when there is no actual controversy. *See Midvale Paper Box Co. v. Cintas Corp.*, No. 3:20-0022, 2022 U.S. Dist. LEXIS 176563, at *24-25 (M.D. Pa. Sept. 28, 2022) ("Because the court observes that [the defendant's] requested order of declaratory judgment would not add anything further to this case, the court declines to entertain [it]."). The Court finds Defendants have failed to state a claim for declaratory relief and will dismiss their Counterclaims with prejudice.

## IV. Conclusion

Based on the foregoing, the Court will grant Plaintiff's Omnibus Motion to Dismiss (ECF No. 75) and dismiss Defendants' Counterclaims' (ECF Nos. 70, 71, and 72) with prejudice. An appropriate Order will follow.

Date:

                                              Stephanie L. Haines
                                              United States District Judge